BERT ACREE, PETITIONER, v. ROBERT J. VALLEY, AS THE COUNTY CLERK IN AND FOR THE COUNTY OF LANDER, STATE OF NEVADA, RESPONDENT.

No. 4567

October 30, 1962                                    375 P.2d 545

*Diehl & Recanzone,* of Fallon, for Petitioner.

*George G. Holden,* District Attorney, Lander County, for Respondent.

**OPINION**

*Per Curiam:*

This is an original proceeding in mandamus. The petition therefor seeks to compel the County Clerk of Lander County to cause to be prepared election ballots for the election to be held on November 6, 1962, in Lander County, Nevada, in a manner that will enable the qualified electors of Lander County to elect the county commissioners at large.

Prior to 1961, NRS 244.050 provided that whenever 20 percent or more of the persons registered to vote at the last preceding general election in any county in this state having less than 50,000 population shall petition the board of county commissioners of their county to that effect, the county commissioners shall divide the county into three districts to be known as commissioner districts, and that county commissioners shall thereupon be elected by the qualified electors of the commissioner district wherein they reside.

Pursuant to such provisions the required number of registered voters in Lander County so petitioned their board of county commissioners and the county was divided into commissioner districts.

In 1961, the legislature amended this section to provide that county commissioners shall be elected at large by qualified electors in the county.

It is alleged that despite such amendment the county clerk has prepared sample ballots which are a facsimile of the ballots to be used at the general election on

November 6, 1962, which limit the election of the county commissioners to the qualified electors of the commissioner district wherein they reside.

It is respondent's contention that when the required number of voters petitioned the county commissioners to divide the county into the three commissioner districts they did so with the knowledge that the law provided that county commissioners would be elected by the qualified electors in the district wherein they resided, and that after the commissioner districts had been designated pursuant to statute, the 1961 amendment providing that county commissioners be elected at large has no application to the election of commissioners in counties where districts previously had been created; that to apply the said amendment here would constitute a retrospective application which is not warranted. The 1961 amendment, however, operates prospectively and applies only to elections subsequent to its enactment. The terms of office of the commissioners holding office at the time of its enactment were not affected.

Nev. Const. art 4, sec. 26, authorizes the legislature, without restriction, to provide by law for the election of the board of county commissioners in each county. Respondent does not dispute the power of the legislature to provide for an election at large, but he maintains that the intent of the legislature must be expressly stated and that by failure of the legislature to state that county commissioners shall be elected at large by the qualified electors of the county "regardless of when the commissioner districts were created," there is an implication that the amendment was not intended to apply to counties where districts had already been created.

In our opinion, the amendment is clear and unambiguous and was meant to apply to all counties having less than 50,000 population which theretofore had created or thereafter might create commissioner districts as provided by NRS 244.050.

The petition is granted.

At the conclusion of oral argument the court made an order for the issuance of a peremptory writ of mandamus requiring respondent to prepare ballots for the general election on November 6, 1962 for the election of county commissioners at large, reserving the right to file a written opinion later. This opinion is written pursuant to such order.